**FILED & ENTERED**

MAY 17 2016

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum      **DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:15-bk-13150-RK |
| ROCIO E. BARRERA, | Chapter 7 |
| Debtor. | Adversary No. 2:16-ap-01185-RK |
| JOHN J. MENCHACA, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>ROCIO E. BARRERA, AS TRUSTEE OF THE ROCIO BARRERA LIVING TRUST DATED MARCH 17, 2005, AND DOES 1- 20,<br><br>Defendant. | **ORDER ON DEFENDANT'S EMERGENCY MOTION TO CONTINUE DEADLINE TO RESPOND TO COMPLAINT AND STATUS CONFERENCE** |

Pending in this adversary proceeding before the court is "Defendant's Emergency Motion to Continue: (i) Deadline to Respond to Complaint, and (ii) Status Conference; Declaration of Rosendo Gonzales in Support thereof," Docket No. 11, filed on May 16, 2016. Rosendo Gonzales, of the law firm of Gonzales & Associates, P.L.C., represents Rocio E. Barrera, Debtor ("Debtor"), and Defendant Rocio E. Barrera, as Trustee of The

1  Rocio Barrera Living Trust Dated March 17, 2005 ("Defendant") . Wesley H. Avery, of the
2  Law Offices of Wesley H. Avery, APC, represents Plaintiff John Menchaca, Chapter 7
3  Trustee of the Bankruptcy Estate of Rocio E. Barrera, Debtor ("Plaintiff" or "Trustee").
4      According to Defendant's moving papers, Debtor filed this bankruptcy case as a
5  self-represented debtor, and Debtor and Defendant retained Rosendo Gonzales, of the
6  law firm of Gonzales & Associates, P.L.C., as counsel on "Friday, June 13, 2016" in
7  several places in the moving papers (on pages 2 and 5 in the brief and on pages 9 and
8  10 in the counsel declaration), which is an apparent typographical error, because the
9  date of counsel retention was stated as May 16, 2016 in one place on page 6 of the brief
10 (also the counsel declaration is also dated May 16, 2016 on page 11, and the date of
11 entry of this order is only May 17, 2016.  Since June 13, 2016 is a date four weeks into
12 the future, that date is in error, because evidently, Debtor and Defendant by counsel were
13 referring to Friday May 13, 2016 as the date of retention of counsel.  Attached to the
14 moving papers were copies of email messages exchanged between Defendant's
15 counsel, Mr. Gonzales, and Plaintiff's counsel, Mr. Avery, Exhibit 2 to Motion, that
16 Defendant retained counsel on Friday and new counsel was requesting a continuance of
17 the deadline to respond to the complaint on Wednesday, May 18, 2016 (the proof of
18 service of the summons indicates that service of the summons and complaint was made
19 on April 18, 2016, Docket No. 10) and the status conference on June 14, 2016 for 45
20 days and that in an email dated May 16, 2016, Plaintiff's counsel stated that Plaintiff was
21 not willing to grant a 45-day continuance without Defendant meeting the condition of
22 producing a copy of Defendant's trust instrument and any amendments, but that Plaintiff
23 would not take any default this week.
24     Although Defendant styles this motion as an emergency motion (defined under
25 Local Bankruptcy Rule 9075-1 as a motion requiring an order on less than 48 hours'
26 notice), Defendant has not complied with the requirements of Local Bankruptcy Rule
27 9075-1, which govern emergency motions, including the requirement of requesting a
28

1  hearing date and time for such motion.  Defendant's counsel has not requested a hearing
2  on the emergency motion in the manner specified in Local Bankruptcy Rule 9075-1, i.e.,
3  requesting a hearing date and time by telephoning the chambers of the judge assigned to
4  the case.  Given Plaintiff's counsel's representation to Defendant's counsel that no
5  default will be requested this week, there does not seem to be a reason for an order for
6  emergency relief on less than 48 hours' notice since Plaintiff will not request entry of
7  default this week, or at least four days from now.  Based on this representation,
8  Defendant would have until May 20, 2016 to respond to the complaint.  Defendant has
9  not either requested any hearing on shortened notice also provided for under Local
10  Bankruptcy Rule 9075-1 for non-emergency motions to be heard on less than 21 days
11  regular notice for motions under Local Bankruptcy Rule 9013-1(d), nor has he noticed the
12  motion for hearing on regular 21 days' regular notice under Local Bankruptcy Rule 9013-
13  1(d).  Since Defendant has not followed the notice procedures of Local Bankruptcy Rule
14  9075-1 for emergency motions, non-emergency motions heard on less than regular
15  notice and of Local Bankruptcy Rule 9013-1(d) for regular notice motions, the court infers
16  that Defendant and his counsel meant that the court consider this motion on an *ex parte*
17  basis, which is not provided for in the Local Bankruptcy Rules for the relief being
18  requested to extend time to respond to a complaint and to continue a status conference
19  pursuant to Local Bankruptcy Rule 7016-1.
20      In considering Defendant's motion and the matters referred to in the moving
21  papers, the court is somewhat chagrined by the inability of both counsel to work out a
22  reasonable extension of time in this situation and their lack of civility and professionalism
23  as shown by their sharp and unbecoming litigation gamesmanship and posturing in their
24  email correspondence which led to the filing and consideration of the pending so-called
25  emergency motion.
26      The court would think that both counsel would know better since each of them
27  merited appointment as a Chapter 7 panel trustee currently serving in the Central District
28

of California and should thus, be familiar with, and be guided by, the following Civility and Professional Guidelines of the United States District Court for the Central District of California regarding scheduling, specifically, requests for extension of deadlines (accessible at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines), stating in pertinent part:

> Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines. After a first extension, any additional requests for time will be considered by balancing the need for expedition against the deference one should ordinarily give to an opponent's schedule of personal and professional engagements, the reasonableness of the length of extension requested, the opponent's willingness to grant reciprocal extensions, the time actually needed for the task, and whether it is likely a court would grant the extension if asked to do so.
>
> We will not request an extension of time solely for the purpose of unjustified delay or to obtain a tactical advantage.
>
> We will not attach to extensions unfair and extraneous conditions. We may impose conditions for the purpose of preserving rights that an extension might jeopardize or for receiving reciprocal scheduling concessions. We will not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint.

The court feels compelled to comment on civility and professionalism in litigation since the lack of such seems to becoming a noticeable problem in local litigation practice. *See, e.g.,* Jason D. Russell, "Closing Argument: Litigation, Civility, and How Nice Guys Can Finish First," *Los Angeles Lawyer,* April 2016 at page 20 (op-ed article by a local litigation partner observing that "the Central District and the Los Angeles Superior Court have codified guidelines admonishing attorneys to be civil because 'there has been a discernible erosion of civility and professionalism in our courts'" and "[l]itigators in California can attest to the truth of that assertion.")(citation omitted).

It seems to this court that counsel should have been able to agree here to a first request of Defendant for a reasonable but short extension of time to prepare a response to the complaint and without attaching any extraneous conditions.  The fault here is with

both counsel since Defendant's request for a first extension of the response deadline of 45 days is not reasonable under these circumstances since this period of time is not tied to the need to prepare a response, *see* Motion at 9 (counsel declaration stating: "The Debtor will be filing a motion for the voluntary dismissal of this bankruptcy case."), but for tactical reasons, to prepare a motion for voluntary dismissal of Debtor's bankruptcy case, which Plaintiff as the Chapter 7 Trustee may oppose (as asserted in Defendant's moving papers at page 2, "Rocio Barrera, the debtor in this bankruptcy case (the "Debtor"), filed this case *pro per*.  The Debtor received erroneous information and advice from a non-attorney and never should have filed for bankruptcy protection in view of the non-exempt equity in the various properties."  Plaintiff as the duly appointed Chapter 7 Trustee may disagree with these assertions and take the position that Debtor/Defendant may not meet his burden of showing under 11 U.S.C. § 707(a) that dismissal would not prejudice creditors.  *See, e.g., In re Bartee,* 317 B.R. 362, 365 (9th Cir. BAP 2004)(citations omitted)), and since Plaintiff would not consider a first extension of Defendant's response deadline beyond a stingy two days unless Defendant complied with an extraneous condition of first providing discovery material, i.e., copies the trust instrument and any amendments.

In exercising its case management authority to supervise this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7016 and Federal Rule of Civil Procedure 16 "to secure the just, speedy, and inexpensive determination of every case and proceeding," including this adversary proceeding, under Federal Rule of Bankruptcy Procedure 1001, and pursuant to its authority and discretion under Federal Rule of Bankruptcy Procedure 9006(b)(1) to enlarge the time period for Defendant's response to the complaint for good cause (i.e., due to the recent entry into the case of new counsel, who needs reasonable time to prepare a response to the complaint of say, 14 days, as opposed to 45 days to prepare a motion to dismiss the underlying bankruptcy

1  case, which is not good cause), the court rules upon Defendant's motion and orders as
2  follows:

    1. The time for Defendant to respond to the complaint in this adversary proceeding is extended by 14 days from May 18, 2016 to June 1, 2016.

    2. All other relief requested in Defendant's motion is denied, including the request to continue the status conference on June 14, 2016.

    3. The status conference in this adversary proceeding will remain on June 14, 2016 at 1:30 p.m., but the deadline for filing the joint status report will be June 7, 2016. The court expects full compliance of the parties and counsel with the requirements of Local Bankruptcy Rule 7016-1 in preparing and filing a joint status report and appearing at the status conference.

    4. This order does not preclude the consideration by the court of a stipulation of the parties to further extend Defendant's time to respond to the complaint and/or continue the status conference on a showing of good cause under Federal Rule of Bankruptcy Procedure 9006(b)(1).

**IT IS SO ORDERED.**

###

Date: May 17, 2016

_____
Robert Kwan
United States Bankruptcy Judge